IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MARCUS TAYLOR, | : | CIV. NO. 23-3298 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

**IT APPEARING THAT:**

1. On or about June 15, 2023, Petitioner Marcus Taylor, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) Petitioner challenges his judgment and conviction in an unidentified criminal case in the United States District Court, Southern District of West Virginia. Specifically, Petitioner alleges the district court lacked jurisdiction over Count I of the Information against him, 21 U.S.C. § 841(a)(1), and over Count II, 18 U.S.C. § 921(c)(1)(A)(i), because these are not "offenses against the United States." (Pet., Dkt. No. 1 at 1.)

2. This Court takes judicial notice of the docket in *U.S. v. Taylor*, 2:17-cr-00017 (S.D.W.V.)[1] On February 3, 2017, the Government filed an information against Petitioner, charging him with one count of violating 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing with intent to distribute a quantity of methamphetamine, and one count of possessing firearms in furtherance of a drug

---

[1] Available at www.pacer.gov.

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. No. 19.) Petitioner pled guilty to the information, and on July 3, 2017, the court entered judgment and sentenced Petitioner to a 248-month term of imprisonment. (Dkt. No. 41.) On July 7, 2020, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Dkt. No. 47.) His motion to vacate was denied on April 13, 2022. (Dkt. Nos. 63, 64.)

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 under Rule 1, scope of the rules, a judge must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

4. Petitioner presents a second or successive collateral attack on his sentence, which is restricted by 28 U.S.C. § 2255(h), and must be certified by the appropriate circuit court of appeals. "A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements." *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002) ("As a successive § 2255 motion, the District Court lacked jurisdiction to consider its merits.)

5. Therefore, the Court will dismiss the petition for lack of jurisdiction. Because the petition does not appear to raise a claim that can be heard in a second or successive § 2255 motion, this Court finds that it is not in the interest of justice to

transfer this matter pursuant to 28 U.S.C. § 1631, although Petitioner is not precluded from filing an application under § 2255(h) in the appropriate Circuit Court of Appeals.

An accompanying order follows.

DATE: **October 11, 2023**

                                                  s/Renée Marie Bumb
                                                  RENÉE MARIE BUMB
                                                  Chief United States District Judge